IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| **TIMOTHY MURRAY,** | \* |
| | \* |
| **Plaintiff,** | \* |
| | \*   **Civil No. TMD 14-1302** |
| v. | \* |
| | \* |
| | \* |
| **CAROLYN W. COLVIN,** | \* |
| **Acting Commissioner of Social Security,** | \* |
| | \* |
| **Defendant.** | \* |
| | **\*\*\*\*\*\*\*\*\*\*\*** |

**MEMORANDUM OPINION GRANTING PLAINTIFF'S
<u>ALTERNATIVE MOTION FOR REMAND</u>**

Timothy Murray ("Plaintiff") seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 12), Defendant's Motion for Summary Judgment (ECF No. 14), and Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment (ECF No. 19).[1] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that he is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Plaintiff's alternative motion for remand (ECF No. 12) is **GRANTED**.

---

[1] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

I

**Background**

Plaintiff was born in 1959, has a GED, and has no past relevant work.  R. at 17, 28, 164.  On April 21, 2010, Plaintiff protectively filed an application for SSI, alleging disability beginning on April 1, 2010, due to schizophrenia and paranoia.  R. at 139-45, 159, 163.  The Commissioner denied Plaintiff's application initially and again on reconsideration, so Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  R. at 53-74, 80-92.  On October 19, 2012, ALJ C.J. Sturek held a hearing in Washington, D.C., at which Plaintiff was not present, but a vocational expert ("VE") testified.  R. at 43-52.  On February 4, 2013, the ALJ held a supplemental hearing at which Plaintiff and the VE testified.  R. at 24-42.  On February 7, 2013, the ALJ issued a decision finding Plaintiff not disabled since the application date of April 21, 2010.  R. at 8-23.  Plaintiff sought review of this decision by the Appeals Council, which denied Plaintiff's request for review on February 18, 2014.  R. at 1-7.  The ALJ's decision thus became the final decision of the Commissioner.  *See* 20 C.F.R. § 416.1481; *see also Sims v. Apfel*, 530 U.S. 103, 106-07, 120 S. Ct. 2080, 2083 (2000).

On April 17, 2014, Plaintiff filed a complaint in this Court seeking review of the Commissioner's decision.  Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment.  The case subsequently was reassigned to the undersigned.  The parties have briefed the issues, and the matter is now fully submitted.

II

**Summary of Evidence**

**A.     State Agency Medical Consultants**

On August 11, 2010, a state agency consultant, T. Spurgeon, M.D., evaluated on a psychiatric review technique form Plaintiff's mental impairments under Listings 12.03, 12.04, and 12.09.  R. at 330-43.  Dr. Spurgeon opined that, under paragraph B of the applicable listings, Plaintiff's mental impairments caused him to experience (1) moderate restriction in activities of daily living; (2) moderate difficulties in maintaining social functioning; (3) moderate difficulties in maintaining concentration, persistence, or pace; and (4) one or two episodes of decompensation of extended duration.  R. at 340.  Dr. Spurgeon did not find evidence to establish the presence of the criteria under paragraph C of Listings 12.03 and 12.04.  R. at 341.  Dr. Spurgeon thus assessed Plaintiff's mental residual functional capacity ("RFC") (R. at 326-29) and opined that he was moderately limited in his ability to (1) carry out detailed instructions; (2) maintain attention and concentration for extended periods; (3) work in coordination with or proximity to others without being distracted by them; (4) complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; (5) interact appropriately with the general public; and to (6) set realistic goals or to make plans independently of others.  Plaintiff otherwise was not significantly limited.  R. at 326-27.

On November 2, 2011, another state agency consultant, Joseph Leizer, Ph.D., opined that Plaintiff's mental impairments were not severe because they did not significantly limit his ability to do basic work activities.  R. at 61.

B.  **Hearing Testimony**

The ALJ reviewed in his decision Plaintiff's activities of daily living, which included "preparing meals for himself and his mother, helping his mother with chores, laundry, cleaning, washing the floors, going out daily, navigating public transportation, shopping in stores, and gardening." R. at 14 (citing R. at 182-92). Plaintiff testified, however, that "it takes everything [he has] got just to make [his mother] dinner." R. at 35. He slept for six hours at night. R. at 36. The VE testified that, if Plaintiff's testimony about his stamina were accepted as fully credible, then he could not sustain full-time employment. R. at 41.

### III

### Summary of ALJ's Decision

On February 7, 2013, the ALJ found that Plaintiff (1) had not engaged in substantial gainful activity since the application date of April 21, 2010; and (2) had an impairment or a combination of impairments considered to be "severe" on the basis of the requirements in the Code of Federal Regulations; but (3) did not have an impairment or a combination of impairments meeting or equaling one of the impairments set forth in 20 C.F.R. pt. 404, subpt. P, app. 1; and (4) did not have any past relevant work; but (5) could perform other work in the national economy, such as a warehouse worker, machine tender, hand packer, laundry worker, or table worker. R. at 13-18. The ALJ thus found that he was not disabled since the application date of April 21, 2010. R. at 18.

In so finding, the ALJ found that Plaintiff had the RFC

> to perform a full range of work at all exertional levels, but with mental limitations that affect the ability to carry out detailed instructions, to maintain concentration and attention for extended periods as well as keep up the pace, to work in coordination with or proximity to others without being distracted by them, to interact appropriately with the general public, to respond appropriately [to] changes in the work setting, and finally to set realistic goals and make plans

independently of others. The net result is that productivity would be reduced, but [Plaintiff] could be productive more than 80% of an 8-hour work day.

R. at 15.

Regarding Plaintiff's credibility, the ALJ found that his medically determinable "impairments could reasonably be expected to cause the alleged symptoms; however, [his] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible, for the reasons explained in this decision." R. at 15-16. The ALJ found:

> Several elements in the record call into question the credibility of [Plaintiff's] allegations. His activities of daily living go beyond limitations that would preclude work, and include preparing meals for himself and his mother, helping his mother with chores, laundry, cleaning, washing the floors, going out daily, navigating public transportation, shopping in stores, and gardening [R. at 182-92].

R. at 16.

## IV

## Disability Determinations and Burden of Proof

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the

regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-380 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).[2]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

---

[2] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant

numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## V

### Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to

differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## VI

### **Discussion**

Among Plaintiff's arguments is his contention that the ALJ erred in assessing the credibility of his subjective allegations. Pl.'s Mem. Supp. Mot. Summ. J. 21-24, ECF No. 12-1. The Fourth Circuit in *Mascio v. Colvin*, 780 F.3d 632, 639-40 (4th Cir. 2015), found that remand was required in light of an ALJ's lack of explanation concerning how the ALJ decided which of the claimant's statements to credit. *Mascio*, in other words, "requires the ALJ to articulate which of a claimant's individual statements are credible, rather than whether the claimant is credible as a general matter." *Armani v. Comm'r, Soc. Sec. Admin.*, No. JMC-14-CV-976, 2015 WL 2062183, at *1 (D. Md. May 1, 2015).

Here, the ALJ found that Plaintiff's daily living activities as reported on a function report "include preparing meals for himself and his mother, helping his mother with chores, laundry, cleaning, washing the floors, going out daily, navigating public transportation, shopping in stores, and gardening." R. at 16 (citing R. at 182-92). Plaintiff also reported on the function report, however, that his neighbors helped cleaned his home once every two weeks. R. at 186. He further reported that he cooked only once per week, spent an hour on housework, and rarely went shopping. R. at 187-88. Plaintiff also testified at the hearing that "it takes everything [he has] got just to make [his mother] dinner." R. at 35. The VE testified that, if Plaintiff's testimony regarding his stamina were accepted as fully credible, then there would be no full-time work that he could perform. R. at 41. "Nowhere, however, does the ALJ explain how he decided which of [Plaintiff's] statements to believe and which to discredit . . . ." *Mascio*, 780

9

F.3d at 640. "The ALJ cannot reject [the claimant's] undisputed description of his daily activities simply because he thinks it is implausible." *May v. Colvin*, No. 5:14CV00010, 2015 WL 1958948, at *14 (W.D. Va. May 1, 2015) (citing, *inter alia*, *Hines*, 453 F.3d at 566). Because an ALJ may not select and discuss only that evidence that favors his ultimate conclusion, *Hines*, 453 F.3d at 566, this matter is **REMANDED** for further proceedings under the fourth sentence of 42 U.S.C. § 405(g). The Court need not address Plaintiff's remaining arguments. *See Hardy v. Colvin*, Civil Action No. TMD 11-02793, 2013 WL 4478025, at *4 n.3 (D. Md. Aug. 19, 2013).

## VII

### Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 14) is **DENIED**. Plaintiff's Motion for Summary Judgment (ECF No. 12) is **DENIED**. Plaintiff's alternative motion for remand (ECF No. 12) is **GRANTED**. Defendant's final decision is **REVERSED IN PART** under the fourth sentence of 42 U.S.C. § 405(g). This matter is **REMANDED** for further proceedings consistent with this opinion. All other pending motions are **DENIED AS MOOT**. A separate order shall issue.

Date: September 30, 2015                             /s/
                                                    Thomas M. DiGirolamo
                                                    United States Magistrate Judge